## SUTHERLAND v. SKENE, State Engineer.

(Supreme Court, Appellate Division, Third Department. January 4, 1911.)

HIGHWAYS (§ 103*)—IMPROVEMENT—DESIGNATION.

Laws 1906, c. 468, § 14, amending Laws 1898, c. 115, § 15, and requiring county supervisors to certify to the state engineer and surveyor highways deemed proper to be improved, requiring that officer to indicate on a map such highways, and providing for such improvement, except as altered by the engineer with the Legislature's approval, and Laws 1907, c. 715, approving such map, validated a designation made by county supervisors in 1906, and presumably indicated on the map, and no change could be made in 1907 therein, without the Legislature's approval, such as provision by the engineer and supervisors for a highway between the same termini, but along a different route, though under Highway Law, § 128, as amended by Laws 1909, c. 240 (Consol. Laws, c. 25) § 45, the supervisors may with the commission's consent alter a proposed highway at any time before the bids are accepted; and hence improvement under such unauthorized change will be enjoined.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 103.*]

Houghton and Cochrane, JJ., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Appeal from Special Term, Albany County.

Action by William C. Sutherland against Frederick Skene, State Engineer and Surveyor. From an order refusing a temporary injunction, plaintiff appeals. Reversed, and motion granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Bacon & Merritt (Henry Bacon, of counsel), for appellant.

Edward R. O'Malley, Atty. Gen. (George A. Fisher, of counsel). for respondent.

JOHN M. KELLOGG, J. In 1903 the board of supervisors of Orange county adopted a plan under section 6, c. 115, Laws 1898, for a highway, known as No. 281, of the West Point, Central Valley road in the towns of Hiland and Woodbury. May 22, 1906, the board of supervisors adopted the plans and specifications of the State Engineer and Surveyor changing somewhat the location, grade, and width of the proposed highway. But, six days prior to that date, section 6, under which the original plans, specifications, and resolution were made, was amended by chapter 468 of the Laws of 1906, by adding thereto, among other things, the following provision:

"When a board of supervisors has once adopted a resolution approving the plans and specifications of the State Engineer and directed how the county's share of the expense shall be paid as provided in section 11, no resolution thereafter adopted by such board shall have the effect of rescinding or annulling such prior resolution."

Section 14 of the amending act also amended section 15 of the same statute, providing that prior to December 1, 1906, the board of supervisors shall designate and certify to the State Engineer and Surveyor the highways in each town which are deemed of sufficient public importance to be improved under the act, and which will in their opinion, when so improved, provide a proper system of improved main or market roads within the county; that if the supervisors have already designated highways to be improved under the statute thereby amended, or whenever a map showing such roads has theretofore been filed by the State Engineer and Surveyor, such designation shall be deemed a compliance with the section "unless different or other designations shall be made or another map filed by such board under this section prior to December 1, 1906." It required the Engineer and Surveyor to indicate upon the map, to be filed on or before January 1, 1907, such highways within the state as he deems of sufficient public importance to be improved under the act, and to include it in his annual report to be submitted to the Legislature of 1907 for its approval, amendment, and modification, and "thereafter the improvement of such highways under this act shall be made in the respective counties upon the highways so designated upon said map except as the same may be thereafter altered and modified by the State Engineer and Surveyor with the approval of the Legislature or by legislative enactment."

Chapter 715 of the Laws of 1907 approved of the map of the State Engineer and Surveyor filed pursuant to that statute, and we may as-

sume the 1906 plan of this proposed highway was upon the map so approved. Apparently these provisions made the designation of the 1906 highway valid and one which could only be changed by legislative enactment. In 1907 the State Engineer and Surveyor prepared new plans and specifications for a highway between the same termini, but upon an entirely different route, which plans and specifications were approved by the board of supervisors, and this action is brought to restrain the defendant from constructing the highway on the plans and specifications of 1907, and the plaintiff seeks an injunction during the pendency of the action.

Section 128 of the highway law, in the Consolidated Laws (Consol. Laws, c. 25), as amended by chapter 240, Laws 1909, substantially reenacted the provisions of section 6 of the former highway law, adding to the declaration that the resolution adopting a plan for a highway shall not be rescinded or annulled by the board the following:

"Excepting under the advice and with the consent of the commission. Notwithstanding the adoption of such a resolution, the commission may modify such plans, specifications, and estimate, prior to the award of a contract therefor, and, upon the approval thereof by the board of supervisors as above provided, such highway or section thereof shall be constructed or improved in accordance with such plans, specifications and estimate."

Since the amendment of 1909 it is evident that the board of supervisors, with the consent of the commission, may make alterations in a proposed highway at any time before the bids are accepted. The conclusion follows that the attempted change of plan in 1907 was not authorized, and the plans and specifications of 1906 stand as the plans and specifications of the highway unless the board of supervisors and the commission, pursuant to section 128 of the highway law, change them.

The order is therefore reversed, with $10 costs and printing disbursements, and the motion for a temporary injunction is granted restraining the building upon the 1907 plan, with costs of motion.

HOUGHTON, J. (dissenting). I think the Special Term properly refused to grant an injunction in this matter and that the order should be affirmed.

I do not think the change of route between the two termini made by the supervisors in conjunction with the State Engineer was a "rescinding and annulling" of the former resolution in the sense in which those words are employed in the statute. The prohibition against any subsequent board rescinding or annulling a prior resolution adopting the plans and specifications of the State Engineer with respect to a state highway, and directing how the county's share of the expense shall be paid, relates, it seems to me, to the share apportioned upon the county rather than to the change in route. The object was to protect the state and to compel the county to bear the burden of expense imposed upon it by declaring that no subsequent board of supervisors should repudiate what a former board of supervisors had agreed to do. I think the subsequent amendments of the law indicate that the Legislature did not intend by the prior law to forbid a change of route. Such amendments rather show that the Legislature endeav-

ored to make clear that, so far as a change of route was concerned, in conjunction with the state authorities, the board of supervisors might make the change. The route of the proposed road might be established and an extraordinary flood might develop that the route was wholly impractical; nevertheless, from the interpretation given to the law before the amendments were enacted, the authorities would be powerless to change. At the time the original law was passed the State Engineer was the representative of the state, and to my mind it is altogether too strict a construction of the law to say that the state and the county authorities acting together were powerless to make any change. If the change was not absolutely illegal plaintiff's complaint does not state a cause of action. The action is a taxpayer's action, and, if the change of route was legal, sufficient waste does not appear to warrant relief. The highway commission and the board of supervisors, under the law as it now exists, could ratify the route, and it seems to me it is idle to grant the injunction.

I therefore vote for an affirmance of the order.

COCHRANE, J., concurs.